IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLORIA J. SLEETER, Individually and on Behalf of the Estate of JOSEPH A. SLEETER, <br><br> Plaintiff, <br><br> vs. <br><br> ACTAVIS TOTOWA, LLC, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL NO. 10-653-GPM |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"). Plaintiff Gloria J. Sleeter brings this action as the legal representative of her deceased husband, Joseph A. Sleeter, to recover for personal injuries suffered by Joseph Sleeter allegedly as a result of taking Digitek, a prescription medication used to treat heart disease. Digitek is manufactured and distributed by Defendants Actavis Totowa, LLC ("Actavis Totowa"), Actavis, Inc. ("Actavis"), Actavis Elizabeth, LLC ("Actavis Elizabeth"), Mylan, Inc. ("Mylan"), Mylan Pharmaceuticals, Inc. ("Mylan Pharmaceuticals"), Mylan Bertek Pharmaceuticals, Inc. ("Mylan Bertek"), UDL Laboratories, Inc. ("UDL"), and Caraco Pharmaceutical Laboratories, Ltd. ("Caraco").

Federal subject matter jurisdiction is asserted on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Having reviewed the allegations of Sleeter's first amended complaint, which is the operative complaint in this case, the Court discerns certain flaws in Sleeter's pleading with respect to federal jurisdiction in diversity.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983)). For purposes of federal diversity jurisdiction, the state citizenship of a natural person is determined by the state where the person is domiciled, meaning the state where the person is physically present with the intent to remain there. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006). A person who sues as the legal representative of a decedent is deemed to have the state citizenship of the decedent. *See* 28 U.S.C. § 1332(c)(2); *Gustafson v. Zumbrunnen*, 546 F.3d 398, 400-03 (7th Cir. 2008); *Bancroft v. Bayer Corp.*, Civil No. 09-990-GPM, 2010 WL 148628, at *4 n.5 (S.D. Ill. Jan. 13, 2010). The state citizenship of a corporation for diversity purposes is the state where the corporation is incorporated and the state where the corporation has its principal place of business, meaning the state where the corporation maintains its headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130

S. Ct. 1181, 1192-95 (2010); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981). Finally, a limited liability company ("LLC") has, for diversity purposes, the state citizenship of each of the LLC's members. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Sleeter, as the proponent of federal subject matter jurisdiction, bears the burden of proof as to the existence of such jurisdiction. *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995).

In this instance, the operative complaint in this case properly alleges that Joseph Sleeter was a citizen of Illinois at the time of his death, so that for diversity purposes Gloria Sleeter is deemed to be a citizen of Illinois as well. The complaint alleges further that Actavis is a corporation incorporated under the law of Delaware and has its principal place of business in New Jersey, so that Actavis is a citizen of Delaware and New Jersey for diversity purposes. With respect to Actavis Totowa and Actavis Elizabeth, the complaint alleges that they are LLCs of which the sole member is Actavis, so that both LLCs are citizens of Delaware and New Jersey for diversity purposes. Mylan is alleged to be a corporation incorporated under Pennsylvania law with its principal place of business in New Jersey, so that Mylan is a citizen of Pennsylvania and New Jersey for diversity purposes. Mylan Pharmaceuticals, a corporation incorporated under West Virginia law with its principal place of business in West Virginia, is a citizen of West Virginia for diversity purposes. Mylan Bertek, a corporation incorporated under Texas law with its principal place of business in California, is a citizen of Texas and California for diversity purposes. Caraco, a corporation incorporated under Michigan law with its principal place of business in Michigan, is a citizen of Michigan for diversity purposes. Unfortunately, the operative complaint in this case fails

to allege that the amount in controversy here exceeds $75,000, exclusive of interest and costs, stating instead that "the amount in controversy exceeds the jurisdictional amount exclusive of interest and costs." Doc. 4 at 2 ¶ 1. The Court finds Sleeter's formulation unacceptably vague and therefore will order her to re-plead her complaint to allege specifically that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. In addition to failing to allege the jurisdictional amount properly, Sleeter's operative complaint fails to identify the state citizenship of UDL for purposes of diversity jurisdiction. It is the Court's usual practice, in cases in which federal subject matter jurisdiction has been improperly pled, to give leave freely to amend defective jurisdictional allegations. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given."). The Court will direct Sleeter to file a second amended complaint that properly alleges the Court's subject matter jurisdiction in diversity.[1]

---

1. This perhaps is the place to note what appears to be a very serious flaw in federal subject matter jurisdiction in this case. In general, of course, the Court can take judicial notice of public records and government documents, including those available from reliable sources on the Internet. *See, e.g., Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from the official website of the Federal Deposit Insurance Corporation); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) ("The Court may of course judicially notice public records and government documents, including those available from reliable sources on the Internet.") (collecting cases). The online records of corporations maintained by the Illinois Secretary of State (accessible at http://www.ilsos.gov/corporatellc) reflect that UDL is a corporation incorporated under Illinois law. If so, UDL's presence in this case defeats complete diversity of citizenship. Sleeter, if she wishes to remain in federal court, would do well to omit UDL as a party Defendant in her second amended complaint. *See Garbie v. Chrysler Corp.*, 8 F. Supp. 2d 814, 817-18 (N.D. Ill. 1998) (citing Fed. R. Civ. P. 21) (plaintiffs who desire to remain in federal court may drop non-diverse parties from their complaint in order to perfect diversity jurisdiction).

To conclude, Sleeter is **ORDERED** to file a second amended complaint in this case not later than 12:00 noon on Friday, October 1, 2010. The second amended complaint shall allege that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, and shall allege the state citizenship of UDL for purposes of federal diversity jurisdiction. Failure to file a second amended complaint as herein ordered will result in the dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.[2]

**IT IS SO ORDERED.**

DATED: September 21, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. As a final matter, the Court reminds Sleeter's counsel that the jurisdictional facts contained in Sleeter's second amended complaint must be alleged not on the basis of "information and belief" but on personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).